UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANNIE GLASGOW<br>    *Plaintiff*, | §<br>§<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO._____ |
| AETNA, INC., and AETNA LIFE<br>INSURANCE COMPANY<br>    *Defendants*. | §<br>§<br>§<br>§ | JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW Plaintiff, by and through her undersigned attorney, and, for her Complaint against the Defendant, alleges as follows:

### A.   PARTIES

1. Plaintiff Annie Glasgow is an individual residing in Arlington, Tarrant County, Texas.

2. Defendant Aetna Inc. is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania. Defendant Aetna Inc., is the parent company of Defendant Aetna Life Insurance Company. At all times relevant to this action, Defendant Aetna Inc. has conducted business in the County of Dallas, State of Texas, with its principal place of business located at 151 Farmington Ave., Hartford, CT 06156. Defendant Aetna Inc.'s registered agent for service of process is CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136.

3. Defendant Aetna Life Insurance Company is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania. Defendant Aetna Life Insurance Company is a subsidiary of Defendant Aetna Inc. At all times relevant to this action,

Defendant Aetna Life Insurance Company has conducted business in the County of Dallas, State of Texas, with its principal place of business located at 151 Farmington Ave., Hartford, CT 06156. Defendant Aetna Inc.'s registered agent for service of process is CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136.

4. Defendants are hereinafter collectively referred to as "Aetna" or "Defendant Aetna."

### B. JURISDICTION AND VENUE

5. This Court has diversity jurisdiction over the parties pursuant to 28 U.S.C §1332(a). No Defendant is a citizen of the same state as Plaintiff and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6. This Court has personal jurisdiction over Aetna because it is a corporation regularly conducting business with Texas residents within the state of Texas and it is being sued as a direct and probable consequence of the business done within this state.

7. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

### C. CONDITIONS PRECEDENT

8. All conditions precedent have been performed or have occurred.

### D. FACTUAL ALLEGATIONS

9. Plaintiff's husband Jimmy Glasgow was an employee of Arlington Independent School District. He was hired in 1996. As part of his employment Mr. Glasgow was eligible for certain benefits, including life insurance.

10. On September 1, 2013 Mr. Glasgow became eligible for Supplemental Life Insurance Benefits under a plan administered by Defendant Aetna when Aetna began offering them at Arlington Independent School District. At that time, Mr. Glasgow did not elect coverage.

11. Less than a year after it became available, Mr. Glasgow elected the Supplemental Life Insurance Benefits under the Aetna plan. Because he did not elect the coverage during the open enrollment period, Mr. Glasgow was asked by Aetna to complete an Evidence of Insurability Statement (EOI).

12. Mr. Glasgow completed the EOI and Aetna received the EOI.

13. Aetna approved Mr. Glasgow's application for Supplemental Life Insurance. The policy was numbered 865217 and provided Supplemental Life Insurance Benefits in the amount of two-hundred thousand dollars ($200,000.00). The policy became effective on October 1, 2014. Plaintiff Annie Glasgow was the sole beneficiary under this policy.

14. Premiums for the Aetna Supplemental Life Insurance Benefits were deducted from Mr. Glasgow's paycheck.

15. On April 11, 2015 Mr. Glasgow passed away suddenly and unexpectedly.

16. A presentment of claim was sent to Defendant Aetna for payment of the Supplemental Life Insurance Benefits by Plaintiff as Mr. Glasgow's beneficiary.

17. Defendant Aetna, allegedly because the claim was filed within two years of the date of death of Mr. Glasgow, requested Mr. Glasgow's medical history. The medical history was provided as requested. Defendant Aetna subsequently denied the claim necessitating this lawsuit.


### E.  **COUNT 1 – BREACH OF CONTRACT**

18.  Plaintiff hereby restates and re-alleges each and every allegation set forth above as if restated herein in detail.

19.  Plaintiff and Defendant Aetna entered into a valid written contract where, in exchange for Mr. Glasgow's paying insurance premiums, Defendant Aetna would provide Supplemental Life Insurance Benefits in the amount of $200,000.00. Premiums for the policy were paid through payroll deductions from Mr. Glasgow's employer. Mr. Glasgow passed away.

20.  Mr. Glasgow performed all of his obligations under the contract and Plaintiff fulfilled her obligations by timely and properly notifying Defendant Aetna of his death and filed a claim as beneficiary under the policy. All conditions precedent have been performed or have occurred. Nevertheless, Defendant Aetna has breached the contract by failing and refusing, and still fails and refuses, to pay Plaintiff the full and fair benefits under the policy as it is contractually required to do.

21.  As a direct a proximate cause of this breach of contract by Defendant Aetna, Plaintiff has suffered damages in the amount to be determined at trial, but no less than two-hundred thousand dollars ($200,000.00).

### F.  **COUNT 2 – VIOLATION OF TEXAS INSURANCE CODE CHAPTER 541**

22.  Plaintiff hereby restates and re-alleges each and every allegation set forth above as if restated herein in detail.

23. Defendant Aetna's conduct described herein constitutes a violation of the Texas Insurance Code chapter 541. Specifically, Defendant Aetna committed an unfair act in the business of insurance when they:

   a. failed to attempt in good faith to effectuate prompt, fair, and equitable settlement of:

      i. A claim with respect to which the insurer's liability has become reasonably clear;

   b. failed to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer a compromise settlement of a claim; and

   c. refused to pay a claim without conducting a reasonable investigation with respect to the claim.

24. Plaintiff can bring a claim for a private cause of action for violations of this statute under TEX. INS. CODE ANN. § 541.151.

25. Plaintiff is entitled to actual damages, costs, attorney's fees, and additional damages up to three times actual damages if the trier of fact finds that Defendants conduct was done knowingly, and any other relief this Court determines is proper under TEX. INS. CODE ANN. §541.152.

**G.   COUNT 3 – VIOLATION OF TEXAS INSURANCE CODE CHAPTER 542**

26. Plaintiff hereby restates and re-alleges each and every allegation set forth above as if restated herein in detail.

27. Defendant Aetna violated the Texas Insurance Code chapter 542. Specifically, Defendant Aetna engaged in an unfair claim settlement practice when they:

   a. Failed to attempt in good faith to effect a prompt, fair, and equitable settlement of a claim submitted in which liability has become reasonably clear;

  b. Delayed to pay the claim for a period of more than 60 days.

28. Plaintiff is entitled to actual damages, costs, and attorney's fees, interest on the amount of the claim at the rate of 18 percent a year, and any other relief this Court determines is proper under TEX. INS. CODE ANN. §542.060.

## H. COUNT 3 – BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

29. Plaintiff hereby restates and re-alleges each and every allegation set forth above as if restated herein in detail.

30. From and after the time the Plaintiff's claim was presented to the Defendant, the Defendant's liability to pay the claim in accordance with the terms of the insurance policy was reasonably clear. Despite there being no reasonable basis whatsoever on which a reasonable insurance company would have relied to deny payment of the Plaintiff's claim, the Defendant refused to accept the claim and pay the Plaintiff as the policy required.

31. At that time, the Defendant knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear. In this regard, the Plaintiff will show that the Defendant failed to conduct a reasonable, proper investigation of the claim and refused to rely on the true facts, resorting instead to producing faulty, incomplete, and biased reasons as subterfuges to avoid paying a valid claim.

32. Consequently, the Defendant breached its duty to deal fairly and in good faith with the Plaintiff. The Defendant's breach was a proximate cause of the losses, expenses, and damages suffered by the Plaintiff.

## I.  DAMAGES

### Economic and Actual Damages

33. By reason of the above and foregoing, Plaintiff has been damaged in a sum far in excess of the minimum jurisdictional limits of this Court. Further, Plaintiff sustained economic and actual damages as a result of the actions of Defendant Aetna described herein above in excess of the jurisdictional limits of this Court.

### Multiple Damages

34. Plaintiff will show that Defendant Aetna's conduct was committed "knowingly" in that Defendant had actual awareness of the unfairness of such act and committed them anyway.

35. Therefore, Plaintiff is entitled to recover multiple damages as provided by § 541.152(b) of the Texas Insurance Code.

### Exemplary Damages

36. Plaintiff will further show that the acts of Defendant Aetna complained of herein were committed knowingly, willfully, with actual awareness, and with specific and predetermined intention of enriching said Defendant at the expense of Plaintiff. In order to punish Defendant Aetna for such malicious acts and to deter such acts from occurring in the future, Plaintiff also seeks recovery from Defendant for exemplary damages as provided by Section 41.003(a)(2) of the Texas Civil Practices and Remedies Code.

## J. ATTORNEY'S FEES

37. Plaintiff hereby requests the Court award Plaintiff all costs and reasonable and necessary attorney's fees incurred by or on behalf of Plaintiff herein, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and/or the Supreme Court of Texas, as the Court deems equitable and just, as provided by: (a) TEX. CIV. PRAC. & REM. CODE § 38.001(8); and, (b) TEX. INS. CODE § 541.152(a)(1) for violations of the Texas Insurance Code.

## K. JURY DEMAND

38. Plaintiff demands a jury trial and will—or has already—tendered the appropriate fee to the Clerk of the Court.

## L. PRAYER

39. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays for judgment to be entered against Defendant as follows:

   a. Actual, consequential, special, and incidental damages in an amount to be determined by the jury;

   b. Exemplary and/or additional damages as permitted by law;

   c. Reasonable attorney's fees;

   d. Prejudgment and post-judgment interest provided by law;

   e. Costs of suit; and

   f. All other relief, in law or in equity, to which Plaintiff may be justly entitled.

[INTENTIONALLY LEFT BLANK]

Dated: June 15, 2016

                              Respectfully Submitted,

                              /s/ John W. Shaw
                              W. Bradley Parker
                              State Bar No. 15501500
                              brad@parkerlawfirm.com
                              John W. Shaw
                              State Bar No. 24058103
                              john@parkerlawfirm.com
                              **PARKER LAW FIRM, P.C.**
                              2317 Plaza Parkway, Suite 100
                              Bedford, Texas 76021
                              Tel. 817.503.9200
                              Fax. 817.503.9203
                              **ATTORNEYS FOR PLAINTIFF**